UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

MICHAEL REAPE

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, RAYMOND KELLY POLICE COMMISSIONER, POLICE OFFICER(S), P.O. JESSENIA GORDILLO, 100™ PRECINCT, P.O. ALIESANDRO BERRIOS, 79™ PCT, SHIELD # 29758 And DEPARTMENTAL SUPERVISING OFFICER(S) OF 79™ PCT, AND 81ST PCT, And INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY OF NEW YORK POLICE, P.O. "JOHN DOE AND P.O. "JAMES ROE" First and last names fictitious,
                    Defendant(s).

COMPLAINT

09 1363

Jury Trial Demanded

SIFTON, J



RECEIVED
MAR 26 2009
PRO SE OFFICE

ORIGINAL

I.   Parties:

    Plaintiff Michael Reape , resides at <u>1091 Gates Avenue. Apt. 4S Brooklyn. N.Y.I 1221</u>

    Defendant  NYPD    , resides at <u>THE CITY OF NEW YORK</u>

    Defendant Alexandra Berrios, resides at <u>79th pct 263 Tompkins Ave. Bklyn , N.Y. 11221</u>

    Defendant Jessenia Gordillo, resides at <u>Queens 100th pct 92-24 Rockaway Beach Boulevard Queens N.Y. 11693.</u>

II.   The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, AND1332, AND, 1343(a) (3), and 42 U.S.C. § 1983.

III.   Statement of Claim, [give a clear and concise statement of facts: where the claim arose, the Date of each relevant event, a description of what occurred and how each defendant named Was involved in the claim]     See Attachment.

IV.   Remedy. State what relief, such as money damages, you seek from each defendant. See Attachment of all cause of action

Date

MICHAEL REAPE
(718)455-1794

1. That on or about 28th day of March 2008 the Plaintiff was exiting out of a mini van with a empty bag, when getting out of the passenger side door, a friend was still in the backseat who handed the plaintiff a empty container to put into the bag, no more then about two steps to the front of the van while plaintiff was putting the container into the bag plaintiff,

2. Notice a unmarked brown or tan 4 doors sedan driving up the wrong way come up Dekalb avenue and Nostrand avenue. And two Police Officers got out of the vehicle who was a short Spanish male Police Officer about 5"7 who was the arrested Officer # 1 Berrios.

3. The plaintiff notices the others Officers #2 unknown name who got out of the unmarked car who was Caucasian male clean faces about 5"9 on the heavy side and proceeded to stand by the front of vehicle while Officer Berrios ask plaintiff for Id" in then the defendants Berrios search the plaintiff and when into his jacket pocket and found used marijuana and said to the plaintiff smoking in the public and plaintiff was shock and respond to Officer Berios that not mind.

4. the #2 Police Officer(s) had check the Id" no hits the first time and on the second time and then said he got a warrants, when Plaintiff was telling Officer(s) Berrios that he don't have any warrants, and that must be a mistake, at that time plaintiff hand was still raised up Officer Berrios processed to handcuffs the plaintiff knowing or not knowing any difference of the plaintiff right wrist and process to handcuffs from left to right handcuffing, when Officer Berrios brought down the plaintiff right hand and aggressively grab and twisted behind plaintiff back, and plaintiff response to the Officer that he have Rhimatory Arthritis in his wrist and that hurt.

5. The defendants then walk the plaintiff to the car, and on several occasion told Officer Berrios that the handcuff are too tight.

6. The Plaintiff had asked on several occasions why he is being arrested but there replied was a warrant.

7. The defendant took plaintiff to the 79th precinct, located at 263 Tompkins Avenue where he was incarcerated.

8. The plaintiff was having difficulty chest pain and shortness of breath and requested to go to the Hospital, EMS ambulance workers respond and EMS text mistreated plaintiff while in police custody plaintiff was surprised from the text behavior while in police custody.

9. Plaintiff was also surprised to known his blood pressure was at 150/104, plaintiff state he didn't refuse ambulance while in police custody, and when Officer(s) Berrios was putting on the handcuff in present of the EMS Plaintiff responded to the text of his wrist was hurting but no report on the wrist.

9. Plaintiff arrive at Woodhull Hospital and complaint of his right wrist to the nurse who was assign to do EKG on plaintiff before he was incoherent in front of officer(s) while in Police custody.

10. The spin-off to plaintiff arrest on 3/28/08 in conjunction with a Summon date 10/13/2007 that the plaintiff was never a whereof or receive summon but was detain at summon location because the Id' that was given information of prior moving violate and was hold to verified if plaintiff girl friend was the license driver and plaintiff was release that day at summon location.

11. The unanswered summon written by the approach female Police Officer name from the 81st precinct P.O. Jessenia gordillo.

Date March 26, 2009

MICHAEL REAPE

(718) 455-1794

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

**SUPPORTING PAPER TO THE COMPLAINT**

MICHAEL REAPE

      Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY POLICE COMMISSIONER, POLICE OFFICER(S) P.O. JESSENIA GORDILLO, 100TH PRECINCT P.O. ALEXANDRO BERRIOS, 79TH PCT, SHIELD # 29758 And IN THEIR OFFICIAL CAPACITY AS EMPLOYEES OF THE CITY OF NEW YORK POLICE, P.O. JOHN DOE AND P.O. JAMES ROE" First and last names fictitious,
            Defendant(s).

---

Plaintiff Michael Reape Proceed Pro-se bring, complaining of the defendant(s), alleges as follows:

  FIRST:  Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

  SECOND:  Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officer? thereat.

  THIRD:  Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 28 ' day of MARCH, 2008, Police Officer Berrios, Alexandra was employed by me defendant, THE CITY OF NEW YORK, as a police officer.

FOURTH: Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 28 'day of MARCH, 2008, Police Officer Gordillo, Jessenia was employed by defendant, THE CITY OF NEW YORK, as a police officer.

FIFTH: The defendant P.O.2 "John Doe" and P.O. "James Roe" first and last Names unknown #3 are police officers employed by City of New York.

SIXTH: The defendant arising out of False Arrest, Assault & battery ,Negligence, negligent, & intentional infliction of emotional distress, and 42 U.S.C. § 1983.

SEVENTH: That on or about 28th Day of March, 2008 at approximately 1:00 a.m. defendant P.O. Berrios, and unknown Officer, arrested Plaintiff at Dekalb ave. and Nostrand ave. and Charger plaintiff with tax # 929719, summons number 431499165-3, and a warrant for a 10/13/2007, summons that he never was given.

EIGHTH: That the defendant forcefully grab plaintiff right hand behind his back while putting on the handcuff tight in refusing to loosen up when take to the car.

NINTH: The aforementioned criminal complaint was dismissed prior to the arrest the Date and release on the same day 28th of March 2008 .

TENTH: That a 50(h) hearing has been held pursuant to Section 50(h) of the General Municipal Law on the 7th day of January, 2009

ELEVENTH: That more than 30 days have elapsed since the Notice of Claim and Intention to Sue has been served upon the defendant and the said defendants have neglected or refused to make any adjustment or payment thereof.

TWELFTH: That this action is commenced within one (1) year and ninety (90) days after the cause of action arose.

I.
## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through TWELFTH with the same force and effect as if more fully and at length set forth herein.

THIRTEENTH: That on or about 28th day of March 2008 at approximately 1:00 a.m. Police Officer Berrios, and employee of the City of New York Police Department, acting Under the City of New York, wrongfully and falsely arrested, imprisoned and detained the Plaintiff, MICHAEL REAPE, without any right or grounds therefore.

FOURTEENTH: On the day of March 28th, 2008 the Plaintiff was exiting out of a mini van with a empty black bag, when getting out of the passenger side door, a friend was still in the backseat who handed the plaintiff a empty container to put into the bag, no more then about two steps to the front of the van while plaintiff was putting the container into the bag plaintiff

FIFTEENTH: Notices an unmarked brown or tan 4 doors sedan driving up the wrong way come up Dekelb avenue and Nostrand avenue. And two Police Officers got out of the vehicle who was a short Spanish male Police Officer about 5'7 who was the arresting Officer #1 Alexandro Berrios.

SIXTEENTH: The plaintiff notices the others Officers #2 unknown name who got out of the unmarked car who was Caucasian male clean faces about 5'9 on the heavy side and proceeded to stand by the front of vehicle while Officer Berrios ask plaintiff for ID' in then the defendants Berrios search the plaintiff and when into his jacket pocket and found used marijuana and said to the plaintiff smoking in the public and plaintiff was shock and respond to Officer Berrios that not mind.

SEVENTEENTH: The # 2 Police Officer(s) had check the ID' no hits the first

3

time and on the second time and then said he got a warrants, when Plaintiff was telling Officer(s) Berrios that he don't have any warrants, and that must be a mistake, at that time plaintiff hand was still raised up Officer Berrios processed to handcuffs the plaintiff knowing or not knowing any difference of the plaintiff right wrist and process to handcuffs from left to right handcuffing, when Officer Berrios brought down the plaintiff right hand and aggressively grab and twisted behind plaintiff back, and plaintiff response to the Officer that he have Rheumatory Arthritis in his wrist that it hurt.

EIGHTEENTH: The defendant's then walk the plaintiff to the car, and on several occasion told Officer Berrios that the handcuff are too tight.

NINTEENTH: The Plaintiff had asked on several occasions why he is being arrested but there replied was a warrant.

TWENTIETH: The defendants took plaintiff to the 79th precinct, located at 263 Tompkins Avenue where he was incarcerated.

TWENTY-FIRST: The Plaintiff was having difficulty chest pain and shortness of breath and requested to go to the Hospital, EMS ambulance workers respond and EMS text mistreated plaintiff while in police custody plaintiff was surprised from the text behavior while in police custody.

TWENTY-SECOND: Plaintiff was also surprised to known his blood pressure was at 150/104, plaintiff state he didn't refuse ambulance while in police custody, and when Officer(s) Berrios was putting on the handcuff in present of the EMS Plaintiff responded to the text of his wrist was hurting but no report on the right wrist.

TWENTY-THIRD: Plaintiff arrive at Woodhull Hospital and complaint of his right wrist to the nurse who was assign to do EKG on plaintiff before he was incoherent in front of officer(s) while in Police custody.

TWENTY-FOURTH: The defendants #3 P.O. James Roe unknown first and last name was a tall black male Officer about 5'10" when Plaintiff was discharge from Woodhull hospital P.O. officer #3 put the handcuffs on the plaintiff to tight and the plaintiff asked the officer to loosened, but the officer stated that the handcuffs only came in that size or fit one size, the plaintiff complaint about the pain in his wrist but #3 said, Don't say nothing to me." And was take the court in was released by the Judge.

TWENTY-FIFTH: The Defendants, their against, servants and employees acting within the scope of their employment, detained and imprisoned the Plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known with any reasonable investigation, that the matters hereinbefore alleged, wrongfully, unlawfully and without sufficient charge were made against the plaintiff and directed that he be placed in confinement at the location and that he should have known that they (the Police) had no right to do so as no law was broke, especially as defined by the penal code.

TWENTY-SIXTH: Moreover, any reasonable police officer with a minimum of training would have known that no such law was broken.

TWENTY-SEVENTH: The Defendants Knew or should have known that the Plaintiff had not committed such a crime AND THAT NO SUCH CHARGE WAS SUSTAINABLE UNDER THE PANAL LAW OF STATE OF NEW YORK.

TWENTY-EIGHTH: The Plaintiff was wholly innocent of the said criminal charge and did not contribute in any way to the unlawful conduct of the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against not will.

TWENTY-NINTH: That the Defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the

5

Plaintiff; in that the Plaintiff was conscious of the confinement; the Plaintiff did not consent to the confinement and that the confinement was Not otherwise privileged.

THIRTIETH: That as a result of the false accusations made by the Defendant, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the Plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York, County of Kings to appear and answer said charges.

THIRTY-FIRST: That by reason of the false arrest, imprisonment and detention for the Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes and greatly injured in his credit and circumstances and was then and there prevented and hindered from and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body.

THIRTY-SECOND: The defendants jointly and individually and collectively also in the past caused the plaintiff to sustain the loss of employment and the loss of employment opportunities because of their malicious intent and activities and design to harm and destroy the Plaintiff.

THIRTY-THIRD: Moreover, because of Defendants wrongful conduct causing completely false and frivolous criminal charges to be filed against the Plaintiff, he was forced to attend court and he ultimately prevailed against said false charge(s).

THIRTY-FOURTH: that by reason of the aforesaid, the Plaintiff has been damaged in the sum of **Fifty MILLION ($50,000,000,00.) DOLLARS**.

II.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**

6

The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs paragraphs numbered" FIRST" through "THIRTY-FOURTH" as if more fully set forth at length herein.

THIRTY-FIFTH: That on or about the 28' day of March, 2008, at approximately 1:00 a.m. of that day while in custody within the premises known as the 79th precinct, located at 263 Tompkins Avenue, in the County of New York, City and State of New York, and falsely accused of drinking in public and possession Of marijuana plaintiff was roughly handcuffed the defendants, their agents, servants and employees, particularly defendants P.O. Berrios and P.O. Unknown name(s), without cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the plaintiff MICHAEL REAPE, including but not limited to intentionally, forcefully injured and fracture plaintiff right wrist while in police custody.

THIRTY-SIXTH: That the defendants, their agents, servants and employees, acting as agents and on behalf of defendants and within the scope of their employment, intentionally, willfully and maliciously assaulted and battered MICHAEL REAPE, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that act caused apprehension of such contact to the plaintiff, and defendants, in a hostile and/or offensive manner touched and injury the plaintiff, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such batter in and about his right wrist, body and limbs without jurisdiction.

THIRTY-SEVENTH: That by reason of the aforesaid intentional assault and

7

battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority and without probable or reasonable cause, the plaintiff suffered great bodily injured in and about his right wrist and fracture to his body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered, bruises and conscious pain and suffering, and that he was otherwise damaged.

THIRTY-EIGHTH: That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION (1,000,000.00) DOLLARS.

### III.
### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through THIRTY-EIGHTH with the same force and effect as if more fully and at length set forth herein.

THIRTY-NINTH: That the defendant, THE CITY OF NEW YORK, was careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said defendant employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as an employee of the aforementioned defendant; in that the defendant, THE CITY OF NEW YORK, failed to investigate the above named defendants' background and in that they hired and retained as employees of their police department individuals who lacked the maturity, sensibility and intelligence to be employed by the defendant; in that

8

defendant knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

FORTHIETH: That the aforesaid occurrence, to wit: the assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

FORTY-FIRST: That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disable and so remains, and he has expended and incurred divers sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation forced upon him by the actions of the defendant, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

FORTY-SECOND: That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### IV.
### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through FORTY-SECOND with the same force and effect as if more fully and at length set forth herein.

FORTY-THIRD: That by reason of the aforesaid vicious assault and

battery by the defendants, their agents, servants and employees, the plaintiff was wrongfully deprived of his rights, privileges and benefits as provided to him under the constitution of the United States of America and the constitution of the State of New York, sustained severe, serious and upon information and belief permanent injuries to the right wrist, body and limbs including but not limited to severe cuts and bruises about the plaintiffs wrist, was rendered sick, sore, lame and disabled and he was subjected great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule and the acts aforementioned were committed with the sum of injury and damaging the plaintiff.

FORTY-FOURTH: That by reason of the aforesaid, plaintiff demands punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

## V.
## AS FOR A FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through FORTY-FOURTH with the same force in effect as if more fully and at length set forth herein.

FORTY-FIFTH: The defendants violated Plaintiff rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; Article 1, Sections 6, 11 and 12 of the New York State Constitution; as well as rights to be free from false arrest, illegal imprisonment, racial discrimination, and deprived of constitutional rights to be secure in his pin his person and free from the use of unreasonable force by on acting under color of law under the laws of the United States and the State of New York. As a result of the defendants' unconstitutional and unlawful actions, Plaintiff has suffered

emotional distress and damage to his reputation. Plaintiff seeks a declaration that the defendants violated Plaintiff rights and an award of damages and any expense or fee.

FORTY-SIXTH: A December 1, 1999, report by the New York State General analyzing Police Department documents indicates that blacks are significantly more likely to be stopped and arrested without legal justification than are whites.

FORTY-SEVENTH: An August 2000 report released by The Civil Rights Commission, Police Practices and Civil Rights in New York City using subpoenaed documents and statistics revealing racial profiling, lack of disciplinary actions and monitoring by superiors.

FORTY-EIGHTH: The settlement in Daniels, et al v. the City of New York regarding the Street Crime Unit (SCU) stopping and New York City residents based on their race, without reasonable suspicion of criminal activity.

FORTY-NINTH: A May 2003 press conference from the President of the Patrolman Benevolent Association complaining about forced quotas by the NYPD for writing summons, and the erosion of the relationship with the communities they serve.

FIFFTIETH: A New Details in Disputed Police Encounter?/ 10/15/2008, A Brooklyn man who was Sodomizing by police officers injured him with an object, was given a Summons when known or not known he had a warranted, but receive a summon that was defective.

FIFFTY-FIRST: Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under the Civil rights Act of 1871, 42 U.S.C. § 1983, § 1988.

FIFFTY-SECOND: Defendant The City of New York employer of Alexander Berrios and Jessenia Gordillo, John Does and Jame Roes ##1,2 and implemented and enforced a

policy, practice and/or custom of stopping and frisking individuals, including Plaintiff, based solely on race and/or national origin. These suspicionless stops and frisks have and are being conducted predominantly on Black and Latino individuals, on the basis of racial and/or national origin profiling. As a result, the NYPD's policy, practice and/or custom of suspicionless stops and frisks violate the Equal Protection Clause of the Fourteenth Amendment. The NYPD's constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by The City of New York, Kelly and Bloomberg, including: (1) the failure to adequately and properly screen, train, and supervise NYPD officers; (2) the failure to adequately and properly monitor and discipline the NYPD and its officers; and (3) the encouragement and sanctioning of and failure to rectify the NYPD's use of racial and/or national origin profiling in making stops and frisks.

FIFFTY-THIRD: Each of the Defendants has acted with deliberate indifference to Plaintiffs' Fourteenth Amendment rights. As a direct and proximate result of the aforesaid acts and omissions of the Defendants have acted under color of state law to deprive Plaintiffs of their Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

FIFFTY-FOURTH: Due to the NYPD targeting Black and Latino persons in areas where Plaintiffs and similarly situated individuals reside and/or visit, a real and immediate threat exists that Plaintiffs' Fourteenth Amendment rights will be violated by NYPD officers in the future. Moreover, because Defendants' policies, practices and/or customs subject Plaintiffs and other similarly situated individuals to repeated stops and frisks without any reasonable, articulable suspicion of criminality, and often on the basis of race and/or national origin, Plaintiffs cannot alter their behavior to avoid future violations of their constitutional and civil rights at the hands of the NYPD.

FIFFTY-FIFTH: Plaintiff has no adequate remedy at law will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice and/or custom of unconstitutional race and/or national origin-based stops and frisks, and the policies, practices and/or customs that have directly and proximately caused such constitutional abuses.

FIFFTY-SIXTH: The aforesaid acts constituted violations of 42 U.S.C. § 1983, and §§ 1920 and 1988; and Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

WHEREFORE, plaintiff demands judgment against the defendants in the sum of ONE MILLION ($50,000,000.00) DOLLARS on the First Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Second Cause of Action; and ONE MILLION ($ 1,000,000.00) DOLLARS on the Third Cause of Action; and ONE MILLION ($ 1,000,000.00) DOLLARS on the Four Cause of Action; and ONE MILLION ($ 1,000,000.00) DOLLARS on the Fifth Cause of Action; and ONE MILLION($1,000,000.00) DOLLARS as and for punitive damages, on the Four Cause of Action, together with costs and disbursements.

Dated: Brooklyn, New York
March 26, 2009

Michael Reape
1091 Gates Ave. Apt. 4S
Brooklyn, New York 11221
(718)455-1794