UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

MICHAEL REAPE,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                                         **09 CV 1363 (BMC)(LB)**

        -against-

P.O. ALEXANDRO BERRIOS and
P.O. MAURICE FYFFE,

                Defendants.

------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Plaintiff moves to amend the complaint in this *pro se* civil rights action. For the reasons set forth below, I respectfully recommend pursuant to 28 U.S.C. § 636(b) that plaintiff's motion to amend should be granted in part and denied in part.

BACKGROUND

        Plaintiff originally commenced this action pursuant to 42 U.S.C. § 1983 against the City of New York, Police Commissioner Raymond Kelly, Police Officer Jessenia Gordillo, Police Officer Alexandro Berrios, and two unidentified police officers. (Docket entry 1, Compl.) Plaintiff alleged that Officer Berrios falsely arrested him on an outstanding warrant on March 28, 2008, and that Berrios used excessive force when handcuffing him during the arrest. (Id. at pp. 3-4.) Plaintiff alleged that an unknown officer (later identified as Officer Maurice Fyffe) used excessive force when handcuffing him upon his discharge from Woodhull Hospital. (Id. at p. 5.) Plaintiff alleged that the City of New York negligently hired and trained the individual officers. (Id. at pp. 8-9.) Plaintiff further alleged that Officer Gordillo detained him on October 13, 2007,

1

and issued the summons which led to his arrest on March 28, 2008. (Id. at p. 2.) Plaintiff's allegations against Officer Gordillo in the original complaint are as follows:

> The spin-off to plaintiff arrest on 3/28/08 in conjunction with a Summon date 10/13/2007 that the plaintiff was never whereof or receive summon but was detain at summon location because the Id' that was given information of prior moving violate and was hold to verified if plaintiff girl friend was the license driver and plaintiff was release that day at summon location. The unanswered summon written by the approach female Police Officer name from the 81st precinct P.O. Jessenia gordillo.

(Id.)

Counsel appeared on plaintiff's behalf and moved to amend the complaint on October 21, 2009. (Docket entry 23, Am. Compl.) The Court granted plaintiff's motion to amend on December 28, 2009. (Docket entry 27.) Plaintiff's amended complaint alleged that defendants Berrios and Fyffe used excessive force in March 2008, and alleged a Monell claim and a state law negligent training claim against the City of New York. (Am. Compl., ¶¶13-17, 19, 22, 25-29.) Plaintiff's amended complaint did not include any allegations regarding Officer Gordillo and the October 13, 2007 incident.

The parties completed discovery on August 30, 2010, and defendants moved for partial summary judgment. (Docket entry 39.) As defendants did not move for summary judgment on plaintiff's excessive force claims against defendants Berrios and Fyffe, Judge Cogan severed those claims and scheduled them for trial to begin on November 8, 2010. (Docket entry 36.) Upon defendants' request, Judge Cogan adjourned the trial without date. (Docket entry 37.) By Memorandum and Order dated November 16, 2010, Judge Cogan granted defendants' motion for partial summary judgment. (Docket entry 51.) Judge Cogan dismissed plaintiff's claims against the City of New York and declined to read the amended complaint as raising a state law

vicarious liability claim against the City. After the Court decided the motion, plaintiff's counsel moved to withdraw from the case and the Court granted counsel's motion. (Docket entry 49.) On February 18, 2011, Judge Cogan scheduled the trial on plaintiff's excessive force claims against defendants Berrios and Fyffe to begin on April 25, 2011. As plaintiff stated that he still wanted to proceed with his other claims, Judge Cogan directed plaintiff to move before me to amend his complaint. (Docket entry 64.)

Plaintiff moved to amend his complaint on March 10, 2011, and attaches a proposed second amended complaint. (Docket entry 69, Mot. to Amend; Docket entry 69-1, Proposed Second Am. Compl.) Plaintiff's proposed second amended complaint asserts claims against the City of New York, Police Commissioner Kelly, Officer Gordillo, Officer Berrios, Officer Fyffe and an unidentified police officer. Defendants oppose plaintiff's motion based on undue delay, prejudice, bad faith, and futility. (Docket entry 70, Defs.' Mem. of Law in Opp. to Pl.'s Mot. to Amend the Compl. ("Defs.' Opp.").) The Court held a conference on March 24, 2011 to address plaintiff's motion to amend and directed defendants to file plaintiff's notice of claim against the City of New York and the transcript from plaintiff's 50(h) hearing. (Docket entry 74.) Defendants did so. (Docket entry 72.)

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

3

etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Accordingly, "[t]he concepts of delay and undue prejudice are interrelated – the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, No. 08 Civ. 6962 (NRB), 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)). In determining what constitutes prejudice, the Court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Prejudice is generally found where the motion to amend 'comes on the eve of trial after many months or years of pre-trial activity; the amendment would cause undue delay in the final disposition of the case; the amendment brings entirely new and separate claims, adds new parties or at least entails more than an alternate claim or a change in the allegations of a complaint.'" State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (quoting Care Envtl. Corp. v. M2 Techs. Inc., No. 05 CV 1600 (CPS), 2006 U.S. Dist. LEXIS 55066, at *6 (E.D.N.Y. Aug. 8, 2006)); see Ruotolo, 514 F.3d at 192 ("Undue prejudice arises when an

'amendment [comes] on the eve of trial and would result in new problems of proof.'") (quoting State Teachers Ret. Bd., 654 F.2d at 856).

Plaintiff commenced this action on March 26, 2009. Plaintiff's original complaint included allegations relating to incidents on both October 13, 2007 and March 28, 2008.[1] Counsel then appeared on plaintiff's behalf and amended the complaint with leave of Court. The amended complaint alleges that defendants Berrios and Fyffe used excessive force against plaintiff and asserts claims against the City of New York. Plaintiff's amended complaint withdrew any claim against Officer Gordillo based on the October 13, 2007 incident as well as any false arrest claim against Officer Berrios based on the March 28, 2008 arrest. Plaintiff is unhappy with his attorney's decision to withdraw these claims and now seeks to re-assert them. Plaintiff's instant motion to amend seeks to add three new parties and several new claims.[2] Specifically, plaintiff asserts claims of false arrest, false imprisonment, malicious prosecution and malicious abuse of process against Officer Gordillo for seizing him on October 13, 2007, and issuing him a summons for disorderly conduct. (Proposed Second Am. Compl., pp. 6-14.) Plaintiff further claims that Officer Berrios falsely arrested him, used excessive force, and committed assault and battery on March 28, 2008. (Id. at pp. 15-18.) Finally, plaintiff seeks to bring claims against the City of New York and Police Commissioner Kelly based on vicarious liability and the negligent hiring and training of the officers. (Id. at pp. 18-21.)

All of the facts underlying the claims plaintiff proposes in his second amended complaint were known to him and his counsel when the amended complaint was filed on his behalf in

---

1 The original complaint's allegations relating to the October 13, 2007 incident are set forth in their entirety *supra* at page 2.
2 In addition to new claims, plaintiff's proposed second amended complaint also reasserts claims that Judge Cogan granted summary judgment on, such as plaintiff's negligent training claim against the City of New York under Section 1983 and New York common law.

October 2009. Plaintiff's instant motion to amend comes almost two years after the commencement of the action, over six months after the close of discovery, about four months after the Court decided defendants' motion for partial summary judgment, and only six weeks prior to trial. This constitutes undue delay. See Simon v. City of New York, No. 09-CV-1302 (ENV)(RER), 2011 U.S. Dist. LEXIS 9515, at *21 (E.D.N.Y. Jan. 3, 2011) (finding undue delay where plaintiff "waited one year after filing her original complaint . . . and only five days before discovery was set to close, to seek leave to amend the complaint a second time"); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (no abuse of discretion in denying motion to amend where "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint"); Zahra v. Town of Southland, 48 F.3d 674, 686 (2d Cir. 1995) (no abuse of discretion in refusing to grant leave to amend where plaintiff moved to amend "two and one-half years after the commencement of the action, and three months prior to trial").

Allowing plaintiff to add new claims related to the October 13, 2007 incident, or new claims related to the March 28, 2008 incident that do not involve the use of force by Officer Berrios, would prejudice defendants at this juncture. The addition of such claims would require defendants to expend additional resources in renewed discovery and motion practice. In light of plaintiff's amended complaint, defendants did not invest in discovery regarding plaintiff's claims against Officer Gordillo relating to the October 13, 2007 incident. (Defs.' Opp., p. 8.) Defendants argue that if plaintiff's second amended complaint is allowed, they would have to conduct discovery on these new claims and then would move for summary judgment. (Id. at p.

6

10.) Moreover, allowing plaintiff to add new claims and parties at this juncture would significantly delay trial, which is currently scheduled to begin in less than four weeks.

However, defendants cannot show they would be prejudiced by allowing plaintiff to amend his complaint to include claims of assault and battery against Officer Berrios or a claim against the City of New York under the theory of *respondeat superior* for the alleged assault and battery committed by Berrios.[3] Defendants would not be prejudiced from the addition of state law claims of assault and battery because "[t]he same standard is used to evaluate claims of assault and battery under New York law and of excessive force under the Fourth Amendment." Biggs v. City of New York, No. 08 Civ. 8123 (PGG), 2010 U.S. Dist. LEXIS 121332, at *29-30 (S.D.N.Y. Nov. 15, 2010) (citing Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991)). Moreover, the City of New York may be held vicariously liable for the torts committed by a police officer under the theory of *respondeat superior*. See Williams v. City of White Plains, 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010) ("The remaining state law claim of assault and battery against the City of White Plains is alive due to the potential for vicarious liability for actions of its police officers as its employees); Castro v. County of Nassau, 739 F. Supp. 2d 153, 184 (E.D.N.Y. 2010) ("[B]ecause the state-law assault and battery claims against [Detective] DeGasperis survive summary judgment, the County could still be liable for these claims under a respondeat superior theory."); Webster v. City of New York, 333 F. Supp. 2d 184, 207 (S.D.N.Y. 2004). Therefore, although allowing plaintiff to assert a vicarious liability claim at this juncture would bring the City of New York back as a defendant in this action, defendants would suffer no

---

3 The Court notes that plaintiff included assault and battery on the notice of claim he filed against the City of New York on June 24, 2008. (Docket entry 72.)

prejudice because it is undisputed that the City of New York employed Officer Berrios and the state law claim is based on the same excessive force claim that will be tried.

In sum, although plaintiff unduly delayed amending his complaint to add assault and battery claims against Officer Berrios and a vicarious liability claim against the City of New York, such amendments would not cause defendants undue prejudice. Accordingly, plaintiff's motion to amend should be granted only as to these claims.[4] As to all other amendments proposed by plaintiff, plaintiff's motion to amend should be denied and the Court should use the amended complaint (Docket entry 23) as the operative pleading.[5]

## CONCLUSION

Given plaintiff's significant delay in moving to amend and the prejudice that the proposed amendment would cause, it is respectfully recommended that plaintiff's motion to amend should be granted in part and denied in part. Plaintiff's motion to amend should be granted as to his state law assault and battery claims against Officer Berrios and his claim against the City of New York under the theory of *respondeat superior*. Plaintiff's motion to amend should be denied as to all other proposed amendments.

---

4 Defendants do not oppose the instant motion as it relates to plaintiff's proposed assault and battery claims against Officer Berrios under New York common law. Defendants do not address the proposed assault and battery claims in their opposition brief, but by letter dated March 24, 2011, defendants contend that Judge Cogan, in a footnote to his Memorandum and Order, declined to dismiss plaintiff's state law assault and battery claims against defendants Berrios and Fyffe. (Docket entry 72.) Although the footnote cited by defendants does not refer to plaintiff's assault and battery claims, defendants apparently believe these claims are proceeding to trial.

Defendants' opposition brief does not address plaintiff's proposed vicarious liability claim against the City of New York. By letter dated March 24, 2011, defendants contend that Judge Cogan dismissed plaintiff's state law vicarious liability claim against the City of New York. (Docket entry 72.) However, Judge Cogan *declined* to construe the "ambiguous" first amended complaint as raising a vicarious liability claim against the City of New York.

5 The Court notes that plaintiff's proposed second amended complaint does not include any allegations regarding the use of force by Officer Fyffe. It is unclear whether plaintiff intends to withdraw his excessive force claim against Fyffe or whether this was an oversight on plaintiff's part.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: March 29, 2011
 Brooklyn, New York