```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------  X
                                                             :
 MICHAEL REAPE,                                              :   **MEMORANDUM**
                                                             :   **DECISION AND ORDER**
                                          Plaintiff,         :
                                                             :   09 Civ. 1363 (BMC)(LB)
                  - against -                                :
                                                             :
 CITY OF NEW YORK, et al.,                                   :
                                                             :
                                          Defendants.        :
                                                             :
-----------------------------------------------------------  X
```

**COGAN,** District Judge.

Plaintiff *pro se* and defendants have filed objections to the Report and Recommendation ("R&R") of Magistrate Judge Bloom entered March 29, 2011, in which she recommends granting plaintiff's motion to amend insofar as he seeks to add state law assault and battery claims against Officers Berrios and Fyffe and a vicarious liability claim against New York City (the "City"). The R&R is adopted in its entirety except as set forth below.

1. Defendants object to the recommendation to allow plaintiff to amend his complaint to include a vicarious liability claim against the state. Defendants argue that Magistrate Judge Bloom misinterpreted this Court's Memorandum Decision and Order filed on November 17, 2010, in which I granted defendants' summary judgment motion. Noting that the amended complaint was ambiguous as to which state law claims plaintiff had alleged against the City, I concluded that "[i]f plaintiff intended to give notice of a claim for vicarious liability against the City, he failed to do so." I did not rule on whether plaintiff could amend his complaint to include those claims, but declined to construe plaintiff's pleading as asserting such a cause of action.

For the reasons stated in the R&R, I hold that the addition of a vicarious liability claim against the City would not unduly prejudice defendants. To further minimize any prejudice to defendants, however, I will grant severance of that claim and preclude any reference to its potential liability at trial if the City will stipulate to entry of judgment against it if one or both of the officers is found liable.

2. Judge Bloom did not read the second amended complaint as stating excessive force/assault and battery claims against Officer Fyffe. Reading the second amended complaint liberally, I think plaintiff did intend to assert such claims. Officer "Faffe" is included in the caption, and the excessive force/assault and battery claim is alleged against "the defendants, their agents, servants and employees, particularly defendants P.O. Berrios and P.O. Unknown name(s)." The reference to "P.O. Unknown name" is a carryover from the original complaint, and omits the amendment in the first amended complaint that specifically named Officer Fyffe. In his objection to the R&R, plaintiff clarifies that leaving Fyffe's name out of his sixth claim was an oversight. I will therefore allow these claims to proceed against both officers.

In sum, the Report and Recommendation [76] is adopted in part as described above. The motion to amend [69] is granted in part and denied in part. The only claims at trial will be the excessive force and assault and battery claims against the two officers, and a claim for vicarious liability under state law against the City, unless it agrees to sever the vicarious liability claim on the condition set forth above. The false arrest claim is not allowed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the

2

purposes of an appeal.  See Coppedge v.United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                        Signed electronically/Brian M. Cogan
                                        _____
                                                       U.S.D.J.

Dated: Brooklyn, New York
       April 26, 2011